**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IN RE:** | Chapter 11 (Sub-Chapter V) |
| | Case No.: 24−13256 |
| **LP PROPERTIES LLC** | |
| Debtor | |

**DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF**
**DEBTOR'S AMENDED SUBCHAPTER V, CHAPTER 11**
**PLAN OF REORGANIZATION**

NOW COMES LP Properties LLC (the "Debtor"), by and through undersigned counsel, and respectfully submits this Memorandum in Support of Confirmation of the Debtor's Amended Subchapter V, Chapter 11 Plan of Reorganization (the "Amended Plan") [Docket No. 66]. For the reasons set forth below and as supported by the record, the Amended Plan meets all requirements for confirmation under sections 1129 and 1191 of the Bankruptcy Code.

**BACKGROUND**

The Debtor is a Maryland limited liability company that sought relief under Chapter 11 of the Bankruptcy Code on April 18, 2024 (the "Petition Date"). Since the Petition Date, the Debtor has remained in possession of its assets and has continued to manage its financial affairs as a debtor in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. As set forth in its voluntary petition, the Debtor properly designated itself as a small business debtor under section 101(51D) and elected to proceed under Subchapter V of Chapter 11, pursuant to the Small Business

1

Reorganization Act of 2019. Pursuant to the Notice of Appointment (Docket No. 7), Monique Almy was appointed as the duly qualified Subchapter V Trustee in this proceeding.

### SECURED CLAIM

The Debtor's sole asset is the property located at 114 South Stricker Street, Baltimore, Maryland 21223 (the "Property"). On May 24, 2024, The Bank of New York Mellon (the "Secured Creditor") filed a claim asserting that the Debtor was indebted in the amount of $501,080.63. Recognizing the importance of determining the correct value of the Property for plan purposes, the Debtor, through counsel, filed a Motion to Value the Collateral [Docket No. 25] on May 9, 2024. The Motion asserted that the Property's value was $175,000 and that the debt exceeded the value by $326,080.63. On June 5, 2024, the Secured Creditor filed a response and opposition [Docket No. 29]. In response, the Debtor, through counsel, and with the assistance of the Subchapter V Trustee, entered into lengthy good faith negotiations with the Secured Creditor to resolve the Motion and reach a consensual path forward.

Following extensive discussions, the parties reached a settlement that was memorialized in a Consent Order entered by this Court on September 11, 2024 [Docket No. 53]. The Consent Order provides that the Secured Creditor's claim would be bifurcated into a secured portion and a general unsecured portion. The parties agreed and stipulated that the secured portion of the claim would be set at $175,000, to be paid through the Debtor's Subchapter V Plan at a fixed interest rate of 5.19 percent. The general unsecured portion of the claim would be subject to discharge pursuant to the Subchapter V Plan, and the Secured Creditor waived any payment beyond the amounts expressly agreed upon in the Consent Order. The secured claim, as impaired by the Plan, was accepted by the Secured Creditor, which has agreed to vote in favor of the Plan incorporating these

terms. The Creditor's general unsecured claim is similarly impaired, and the Creditor has agreed to support the Plan so long as it reflects the negotiated terms.

Under the Consent Order, the secured portion of the loan is amortized over a term of ten years, with monthly principal and interest payments of $1,872.44. At the end of five years, the principal balance will be $94,500, subject to adjustment for advances or other charges should the Debtor fail to make timely payments. The Debtor is obligated to pay off the remaining balance as a balloon payment on or before the five-year anniversary of the effective date of the Plan. The Debtor is further required to maintain property insurance and is responsible for all property taxes, with both insurance and taxes to be paid directly to the Secured Creditor as part of the monthly mortgage payment. The Secured Creditor will hold these amounts in escrow in the ordinary course of its business. Currently, annual property taxes are $4,480.26 and annual property insurance is approximately $2,243.00, resulting in an average monthly escrow amount of $634.93. The total monthly payment, inclusive of principal, interest, taxes, and insurance, is $2,537.86, with payments to commence on October 1, 2024, and to continue as required under the Consent Order and the Amended Plan. Since entry of the Consent Order, the Debtor has remained current on all required payments, and no motions for relief from the automatic stay have been filed.

### THE AMENDED PLAN

The Amended Plan fully incorporates the terms of the Consent Order and ensures the fair and equitable treatment of the Secured Creditor. The Plan provides for the bifurcation and treatment of the Secured Creditor's claim as set forth in the Consent Order and satisfies the requirements of section 1129(b)(2)(A).

The Plan also provides for the treatment of all administrative expense and priority claims in accordance with sections 1129(a)(9) and 1191(e), except to the extent a holder has agreed

otherwise. The Plan classifies all claims and interests properly under section 1122, contains all necessary provisions under sections 1123 and 1190, and complies in all respects with the applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1).

The Debtor has complied with all provisions of the Bankruptcy Code, as required by section 1129(a)(2).

The Plan has been proposed in good faith and not by any means forbidden by law, as required by section 1129(a)(3). All impaired classes have accepted or are deemed to accept the Plan, and all objections have been resolved or withdrawn, demonstrating the consensual nature of the Plan and supporting the presumption of good faith under Bankruptcy Rule 3020(b)(2).

Any payments for professional services or expenses incurred in connection with this case have been or will be approved by the Court as reasonable, satisfying section 1129(a)(4).

The Debtor has disclosed the identity and compensation of the post-confirmation managers, as required by section 1129(a)(5).

No governmental regulatory commission has jurisdiction over the Debtor's rates, rendering section 1129(a)(6) inapplicable.

The Plan provides that each holder of an impaired claim will receive or retain value not less than would be received in a hypothetical Chapter 7 liquidation, thus meeting the best interests test under section 1129(a)(7).

The Plan has been accepted by all impaired classes entitled to vote, satisfying section 1129(a)(8), and at least one impaired class has accepted the Plan, as required by section 1129(a)(10).

The Plan is feasible and not likely to be followed by further reorganization or liquidation, as required by section 1129(a)(11). The Debtor has no outstanding obligations for retiree benefits under section 1114, and as a corporate debtor, is not subject to section 1129(a)(14).

While section 1129(a)(15) does not apply to this Subchapter V case, the Debtor is dedicating all projected disposable income to the Plan in accordance with section 1191(d). There are no anticipated property transfers implicating section 1129(a)(16).

The solicitation of acceptances for the Plan was conducted in good faith and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court. Notice of the Confirmation Hearing and related deadlines was proper, timely, and sufficient under all applicable authorities, ensuring all interested parties had an opportunity to be heard.

The Plan is dated and identifies the proponent, as required by Bankruptcy Rule 3016(a), and any modifications are not material and do not adversely affect creditor treatment or acceptance.

**THE DEBTOR SUBMITS THAT THE PLAN COMPLIES WITH SECTIONS 1129 AND 1191 OF THE BANKRUPTCY CODE**

Based on the foregoing, the Amended Plan satisfies all requirements for confirmation under sections 1129 and 1191 of the Bankruptcy Code. The Plan is fair, equitable, feasible, and in the best interest of creditors and the estate. T

he Debtor respectfully requests that the Court confirm the Second Amended Subchapter V, Chapter 11 Plan of Reorganization.

Respectfully Submitted,

*Kim Parker*

_____

**KIM PARKER, ESQUIRE**
Fed Bar No.: 23894
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218

5

410-234-2621
F: 443-486-1691
E. kp@kimparkerlaw.com

COUNSEL FOR DEBTOR
LP PROPERTIES LLC

CERTIFICATE OF SERVICE

I IHEREBY CERTIFY that on the 22nd day of May 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing document will be served electronically by the Court's CM/ECF system on the following:

Monique Almy, Esquire                     malmy@crowell.com
Chapter 11 Trustee


Hugh  M. Bernstein, Esquire              hugh.m.bernstein@usdoj.gov
Trial Counsel
Office of U.S. Trustee


U.S. Trustee -Baltimore                   USTPRegion04.BA.ECF@USDOJ.GOV


I hereby further certify that on the 22ND day of May, 2025, a copy of **Error! Reference source not found.** was also mailed first class mail, postage prepaid, to:

The Bank of Ney York Mellon Trustee
Newrez LLC
6200 S. Quebec Street, Suite 300
Greenwood Village, CO 80111

State of Maryland DLLR
Division of Unemployment
1100 N. Eutaw Street, Room 401
Baltimore, Maryland 21201

Specialized Loan Servicing, LLC
P.O. Box 636005
Littleton, CO 80163

PBS Investments LLC
Serve: J. Scott Morse, Esq. Trustee
Law Office of J. Scott Morse, LLC
9 Newburg Ave - Ste 201

6

Catonsville, MD 21228

Patrick M. Sheey, Managing Member
8621 Robert Fulton Drive, Suite 150
Columbia, MD 21046

Mayor and City Council of Baltimore
c/o Tammy Holly, Customer Care Analyst, Supervisor II
200 Holliday Street Room#1 Bankruptcy
Baltimore, Maryland 21202

Comptroller of Maryland
Bankruptcy Unit
301 W. Preston Street
Balimore, Maryland 21201

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7345
Philadelphia, PA 19101

Secretary of Treasury
15 Pennsylvania Ave
Washington, DC 20220

Daniel J. Pesachwitz, Esq.
Samuel I White, PC
6100 Executive Blvd
Rockville, Maryland 20852

/s/ Kim Parker

Kim Parker, Esquire
